JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

James McNicholas

## DEFENDANTS

Century Link, Inc., Lumen Technologies, Inc., Level 3 Communications, Inc., and Level 3 Communications LLC

(b) County of Residence of First Listed Plaintiff   Montgomery County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Ouachita Parish, LA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ~~Attorneys~~ *(Firm Name, Address, and Telephone Number)*
Caren N. Gurmankin, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq.

Brief description of cause:
Plaintiff was discriminated against based on his age.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
05/21/2021

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Ambler, PA 19002 _____

Address of Defendant: _____ 100 Century Link Drive, Monroe, LA 71203 _____

Place of Accident, Incident or Transaction: _____ 100 Century Link Drive, Monroe, LA 71203 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/21/2021 _____ *Caren Gurmankin* _____ 205900

                        *Attorney-at-Law / Pro Se Plaintiff*             *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**    *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Caren N. Gurmankin _____, counsel of record *or* pro se plaintiff, do hereby certify:

   ☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

   ☒ Relief other than monetary damages is sought.

DATE: 05/21/2021 _____ *Caren Gurmankin* _____ 205900

                        *Attorney-at-Law / Pro Se Plaintiff*             *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JAMES MCNICHOLAS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CENTURY LINK, INC., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                  ( X )

| | | |
|---|---|---|
| 05/21/2021 | *[signature]* | Plaintiff, James McNicholas |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

_____     :
                                    :
**JAMES MCNICHOLAS**                :
**Ambler, PA 19002**                :        **CIVIL ACTION NO.**
                                    :
                     **Plaintiff,**  :
                                    :
            **v.**                   :
                                    :
**CENTURY LINK, INC.**              :
**100 Century Link Drive**          :
**Monroe, LA 71203**                :        **JURY TRIAL DEMANDED**
                                    :
**and**                             :
                                    :
**LUMEN TECHNOLOGIES, INC.**        :
**100 Century Link Drive**          :
**Monroe, LA 71203**                :
                                    :
**and**                             :
                                    :
**LEVEL 3 COMMUNICATIONS, INC.**    :
**1025 Eldorado Boulevard**         :
**Broomfield, CO 80021**            :
                                    :
**and**                             :
                                    :
**LEVEL 3 COMMUNICATIONS LLC**      :
**1025 Eldorado Boulevard**         :
**Broomfield, CO 80021**            :
                                    :
                    **Defendants.**  :
_____     :
                                    :

## COMPLAINT

## I.   INTRODUCTION

Plaintiff, James McNicholas, brings this action against his former employers,

CenturyLink, Inc.; Lumen Technologies, Inc.; Level 3 Communications, Inc.; and, Level

3 Communications LLC (together "Defendants").  Defendants terminated sixty one (61)

year old Plaintiff after over seventeen (17) years of undisputedly excellent employment while retaining substantially younger, less qualified employees.  Defendants' discriminatory conduct towards Plaintiff violated the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").

## II.   <u>PARTIES</u>

1.      Plaintiff, James McNicholas, is an individual and a citizen of the Commonwealth of Pennsylvania.  He resides in Ambler, PA 19002.

2.      Plaintiff was born in May 1958.  He was sixty one (61) years old at the time that Defendants terminated his employment.

3.      Defendant, CenturyLink, Inc., is a Louisiana corporation with a principal place of business at 100 Century Link Drive, Monroe, LA 71203.

4.      Defendant, Lumen Technologies, Inc., is a Louisiana corporation with a principal place of business at 100 Century Link Drive, Monroe, LA 71203.

5.      Defendant, Level 3 Communications, Inc. is a Delaware corporation with a principal place of business at 1025 Eldorado Boulevard, Broomfield, CO 80021.

6.      Defendant, Level 3 Communications LLC, is a Delaware corporation with a principal place of business at 1025 Eldorado Boulevard, Broomfield, CO 80021.

7.      Defendant, Level 3 Communications LLC, was the entity that paid Plaintiff as of the time of his termination from employment, in September 2019.

8.      According to Defendants' Annual Report for the fiscal year ending December 31, 2020, Defendant Century Link, Inc. changed its legal name to (Defendant) Lumen Technologies, Inc. in January 2021.

9. Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

10. At all times material hereto, Defendants employed more than twenty (20) employees.

11. At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

12. At all times material hereto, Defendants acted as employers within the meaning of the statutes which form the basis of this matter.

13. At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

14. At all times material hereto, Plaintiff worked out of Defendants' location at 1000 Madison Avenue, Norristown, PA 19403.

## III.    JURISDICTION AND VENUE

15. The causes of action which form the basis of this matter arise under the ADEA and the PHRA.

16. The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

17. The District Court has jurisdiction over all counts pursuant to 28 U.S.C. §1332 since the amount in controversy in the present action exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interests and costs, and there exists complete diversity of citizenship, as Plaintiff is a citizen of the Commonwealth of Pennsylvania and Defendants are not citizens of the Commonwealth of Pennsylvania.

18.     The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

19.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

20.     On or about October 1, 2019, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination alleged here.  This Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC").  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the PHRC Complaint of Discrimination (with personal identifying information redacted).

21.     On or about February 25, 2021, the EEOC issued to Plaintiff a Dismissal and Notice of Rights for his EEOC Charge.  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

22.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS

23.     Plaintiff started working at Defendants Level 3 Communications, Inc. and Level 3 Communications LLC in or around April 2002.

24.     Defendant CenturyLink, Inc. acquired Defendants Level 3 Communications, Inc. and Level 3 Communications LLC in or around late 2017.  At that time, Plaintiff became an employee of Defendant CenturyLink, Inc.

25.     As of the time of Plaintiff's termination, in September 2019, he had over seventeen (17) years of service with Defendants.

26.     As of the time of Plaintiff's termination in September 2019, he held the position of Senior Account Director.

27.     Since in or about November 2018, Plaintiff reported directly to John Julia, Sales Director, Philadelphia Region.  Julia reported to Kevin Emery, Senior Sales Director, who reported to Michael Zody, Vice President and General Manager.

28.     At all times material hereto, Plaintiff performed his job duties in a highly competent manner.

29.     In his capacity as Senior Account Director, Plaintiff developed and managed some of the largest and most lucrative accounts in Defendants' Philadelphia region.

30.     In or around Spring 2019, Julia took both prospects and active accounts that Plaintiff had been working on for years, in some cases, to develop and that had the potential to be highly lucrative, and reassigned them to a substantially younger Account Director whom he had just recently hired.

31.     On or about September 6, 2019, Defendants informed Plaintiff that his employment was terminated, effective September 13, 2019.

32.     Defendants told Plaintiff only that the reason for his termination was that it was a business decision.

33.     Defendants failed to provide a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

34.     As included herein, Defendants' conduct and demographics evidence a bias against older employees.

35.     To Plaintiff's knowledge and belief, he was the oldest employee reporting

to Julia.

36.     To Plaintiff's knowledge and belief, he was the only employee reporting to Julia who was terminated at that time.

37.     To Plaintiff's knowledge and belief, he was the oldest employee in the Philadelphia Region in Zody's organization.

38.     To Plaintiff's knowledge and belief, Defendants assigned his job responsibilities to younger, less qualified employees.

39.     Defendants did not offer Plaintiff any other positions within the company or any opportunities that would allow him to remain employed in some capacity.

40.     As part of the separation packet that Defendants provided to Plaintiff upon his termination, they included "Additional Disclosures" pursuant to the Older Workers' Benefit Protection Act regarding information as to the employees who were retained and the employees who were terminated in the "Decisional Unit".

41.     The Additional Disclosures evidenced Defendants' age bias, including the following:

(a)     Defendants terminated six (6) employees in the Decisional Unit, five (5) of whom were over fifty (50) years old;

(b)     Defendants retained fourteen (14) of the fifteen (15) employees in the Decisional Unit who were under the age of fifty (50);

(c)     All of the employees whom Defendants retained in the Decisional Unit were younger than Plaintiff;

(d)      Defendants retained ninety-three percent (93%) of employees in the Decisional Unit under the age of fifty (50);

(e)     Defendants retained sixty-eight percent (68%) of employees in the Decisional Unit age fifty (50) and above; and,

(f)     The retention rate of employees age fifty (50) and older is less than eighty percent (80%) of the retention rate of employees under age fifty (50).

42.     Plaintiff's age was a motivating and determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including terminating Plaintiff's employment.

43.     As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I - ADEA

44.     Plaintiff incorporates herein by reference paragraphs 1 through 43 above, as if set forth herein in their entirety.

45.     By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADEA.

46.     Said violations were willful and warrant the imposition of liquidated damages.

47.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

48.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

49.     No previous application has been made for the relief requested herein.

## **COUNT II - PHRA**

50.     Plaintiff incorporates herein by reference paragraphs 1 through 49 above, as if set forth herein in their entirety.

51.     Defendants, by the above improper and discriminatory acts, have violated the PHRA.

52.     Said violations were intentional and willful.

53.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

54.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory acts unless and until the Court grants the relief requested herein.

55.     No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of the ADEA;

(b)      declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)      enjoining and permanently restraining the violations alleged herein;

(d)      entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(e)      awarding liquidated damages to Plaintiff under the ADEA;

(f)      awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(g)      awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(h)      awarding Plaintiff such other damages as are appropriate under the ADEA and the PHRA;

(i)      awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

(j)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW**

Dated:  05/21/2021            BY:

Caren N. Garmankin, Esq.
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676

Attorney for Plaintiff,
James McNicholas

Exhibit "1"

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

James McNicholas,                    :
    Complainant                   :
                            :

           v.                        : PHRC Case No. 201902653
                            :

CenturyLink, Inc.,                   : EEOC No. 17F202060577
    Respondent                    :
                            :

## **COMPLAINT**

### **JURISDICTION**

1.   Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963.

### **PARTIES**

2.   The Complainant herein is:

    James McNicholas
    redacted
    Ambler, PA  19002

3.   The Respondent herein is:

    CenturyLink, Inc.
    1000 Madison Avenue
    Norristown, PA 19403

Received
OCT 1 2019
PA Human Relations Commission
Philadelphia Regional Office

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**COMPLAINT**

**Received**

OCT - 1 2019

PA Human Relations Commission
Philadelphia Regional Office

COMPLAINANT:

**JAMES MCNICHOLAS**

v.

RESPONDENT:

**CENTURYLINK, INC.**

Docket No. . *201902653*

1. The Complainant herein is:

   Name:        James McNicholas

   Address:     <span style="background:black;color:red">redacted</span>
                Ambler, PA 19002

2. The Respondent herein is:

   Name:        CenturyLink, Inc.

   Address:     1000 Madison Avenue
                Norristown, PA 19403

3. I, James McNicholas, the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (61) as set forth below:

**Discrimination**

**A. I specifically allege:**

[1]      I was hired by Respondent in or about April 2002.

[2]      I had more than seventeen (17) years of service at Respondent.

[3]     My birth date is May 18, 1958, and I am age sixty-one (61).

[4]     I consistently performed my job duties in a highly competent manner, and received positive feedback.

[5]     I last held the position of Senior Account Director.

[6]     I last reported to John Julia (55[1]), Sales Director, Philadelphia Region. Julia reported to Kevin Emery (42), Senior Sales Director. Emery reported to Michael Zody (55), Vice President and General Manager.

[7]     In or about November 2018, I began reporting to Julia.

[8]     I was the oldest employee directly reporting to Julia

[9]     I was the oldest employee in the Philadelphia market sales team reporting to Emery and Zody.

[10]     At the time of my termination, the following employees were directly reporting to Julia: Tamara Duke (48), Account Director I; Eric Bennett (49), Account Director I; John Baj (55), Account Director I; David Bisacky (55), Account Director I; and John Kelly (55), Account Director II. I was more qualified to perform all of these employees' positions.

[11]     On September 6, 2019, in a meeting with Julia, Respondent terminated my employment, effective September 13, 2019. Before the termination meeting, I had no indication that my job was in jeopardy. The stated reason was that my termination was a business decision.

[12]     Respondent's stated reason for terminating my employment is pretext.

[13]     Respondent terminated my employment because of my age.

[14]     Respondent offered no explanation, including the selection criteria, as to why I was terminated and the younger employees were retained.

---

[1] All ages herein are approximations.

[15]      I had developed more business than Julia's other direct reports, all of whom were younger than me and all of whom were retained in positions I was more qualified to perform when I was terminated.

[16]      I was the only employee reporting to Julia that was terminated effective September 13, 2019.

[17]      Respondent assigned my job duties to Duke (48), Bennett (49), Baj (55), Bisacky (55), and/or Kelly (55).  I was more qualified to perform my job duties than the younger employees who were retained and assigned my job duties.

[18]      I had no disciplinary or performance issues throughout my employment.

[19]      Respondent did not offer me a downgraded position, a position with reduced pay, or any opportunity to remain employed with Respondent.

[20]      All thirty-four (34) employees that Respondent retained in the Decisional Unit, when I was terminated, were younger than I was.

[21]      Five (5) out of the six (6) employees that Respondent terminated in the Decisional Unit are age fifty (50) and above, and three (3) are age fifty-five (55) and above.

[22]      Respondent retained fourteen (14) out of the fifteen (15) employees in the Decisional Unit under age fifty (50).

[23]      Respondent retained ninety-three percent (93%) of employees in the Decisional Unit under fifty (50).

[24]      Respondent retained sixty-eight percent (68%) of employees in the Decisional Unit fifty (50) and above.

[25]      The retention rate of employees age fifty (50) and older is less than eighty percent (80%) of the retention rate of employees under age fifty (50).

[26]        Respondent's conduct evidences a bias against older employees.

[27]        Respondent has failed to set forth any legitimate criteria to explain the disparate impact caused by this reduction in force.

[28]        **I bring this Complaint as a class and pattern and practice Complaint on behalf of myself and any and all current or former employees of Respondent who are age forty (40) and over, and who have been discriminated against based on age in connection with hiring, promotion, transfer, and termination decisions.**

**B.** Based on the aforementioned, I allege that Respondent has discriminated against me because of my age (61), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.        The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

    __X__        **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):  __(a)__**

    ____        Section 5.1 Subsection(s) _____

    ____        Section 5.2 Subsection(s) _____

    ____        Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.        Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.


_9/30/19_____                    ___James McNicholas_____
(Date Signed)                            (Signature)   James McNicholas
                                         redacted
                                         Ambler, PA 19002

Exhibit "2"

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **James McNicholas** <br> redacted <br> **Ambler, PA 19002** | From: **Philadelphia District Office** <br> **801 Market Street** <br> **Suite 1000** <br> **Philadelphia, PA 19107** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2020-60577** | **Kurt Jung** <br> **State, Local & Tribal Program Manager** | **(267) 589-9749** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Jamie R. Williamson**
**District Director**

**02/25/2021**
*(Date Issued)*

Enclosures(s)

cc:   **CENTURYLINK, INC.**

**Caren Gurmankin, Esq.** <br> **Console Mattiacci Law** <br> **1525 Locust Street, 9th Floor** <br> **Philadelphia, PA 19102** <br> gurmankin@consolelaw.com <br> buccieri@consolelaw.com

**Director of Human Resources** <br> **CenturyLink, Inc.** <br> **1000 Madison Avenue** <br> **Norristown, PA 19403**