## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

_____       :

**JAMES MCNICHOLAS**                      :
Ambler, PA 19002                          :          **CIVIL ACTION NO. 21-2344**
                                          :
                          **Plaintiff,**  :
                                          :
              **v.**                      :
                                          :
**CENTURYLINK, INC.**                     :
**100 Century Link Drive**                :
**Monroe, LA 71203**                      :          **JURY TRIAL DEMANDED**
                                          :
**and**                                   :
                                          :
**LUMEN TECHNOLOGIES, INC.**              :
**100 Century Link Drive**                :
**Monroe, LA 71203**                      :
                                          :
**and**                                   :
                                          :
**LEVEL 3 PARENT, LLC f/k/a**             :
**LEVEL 3 COMMUNICATIONS, INC.**          :
**1025 Eldorado Boulevard**               :
**Broomfield, CO 80021**                  :
                                          :
**and**                                   :
                                          :
**LEVEL 3 COMMUNICATIONS, LLC**           :
**1025 Eldorado Boulevard**               :
**Broomfield, CO 80021**                  :
                                          :
                          **Defendants.** :
_____       :

## FIRST AMENDED COMPLAINT

### I.    INTRODUCTION

Plaintiff, James McNicholas, brings this action against his former employers,

CenturyLink, Inc.; Lumen Technologies, Inc.; Level 3 Parent, LLC f/k/a Level 3

Communications, Inc.; and, Level 3 Communications, LLC (together "Defendants"). Defendants terminated sixty one (61) year old Plaintiff after over seventeen (17) years of undisputedly excellent employment while retaining substantially younger, less qualified employees. Defendants' discriminatory conduct towards Plaintiff violated the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").

II.   **PARTIES**

   A.   **Plaintiff**

1.    Plaintiff, James McNicholas, is an individual and a citizen of the Commonwealth of Pennsylvania. He resides in Ambler, PA 19002.

2.    Plaintiff was born in May 1958. He was sixty one (61) years old at the time that Defendants terminated his employment.

3.    At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

4.    At all times material hereto, Plaintiff worked out of Defendants' location at 1000 Madison Avenue, Norristown, PA 19403.

   B.   **Defendants**

5.    Defendant, CenturyLink, Inc., is a Louisiana corporation with a principal place of business at 100 Century Link Drive, Monroe, LA 71203.

6.    Defendant, Lumen Technologies, Inc., is a Louisiana corporation with a principal place of business at 100 Century Link Drive, Monroe, LA 71203.

7.    Defendant, Level 3 Parent, LLC f/k/a Level 3 Communications, Inc., is a Delaware corporation with a principal place of business at 1025 Eldorado Boulevard,

Broomfield, CO 80021.

8.     Defendant, Level 3 Communications LLC, is a Delaware corporation with a principal place of business at 1025 Eldorado Boulevard, Broomfield, CO 80021.

9.     Plaintiff started working at Defendants Level 3 Parent, LLC f/k/a Level 3 Communications, Inc. and Level 3 Communications, LLC in or around April 2002.

10.     Defendant Level 3 Communications, LLC was the entity that paid Plaintiff as of the time of his termination from employment, in September 2019.

11.     Defendant CenturyLink, Inc. acquired Defendants Level 3 Parent, LLC f/k/a Level 3 Communications, Inc. and Level 3 Communications, LLC in around late 2017.

12.     When Defendant CenturyLink, Inc. acquired Defendants Level 3 Parent, LLC f/k/a Level 3 Communications, Inc. and Level 3 Communications, LLC, Plaintiff's work email address became jim.mcnicholas@centurylink.com.

13.     During Plaintiff's employment, and after the Defendant CenturyLink, Inc. acquisition of Defendants Level 3 Parent, LLC f/k/a Level 3 Communications, Inc. and Level 3 Communications, LLC, he received information regarding his "CenturyLink Health and Life Benefits" from the "CenturyLink Benefit Center".

14.     When Plaintiff was terminated, in September 2019, he received a Pay & Benefits Summary that was part of and/or referenced "CenturyLink Reduction in Force (RIF) Policy".

15.     The Pay & Benefits Summary included that the administrator for health care coverage through COBRA and the resource for, *inter alia*, pension/retirement issues was the CenturyLink Service Center.

16.     At the time of Plaintiff's termination, in September 2019, he was also given the CenturyLink Reduction in Force Policy which outlined the applicable policies and procedures in the event of a reduction in force.

17.     The Separation Agreement and Release In Full Of All Claims that Plaintiff received upon his termination stated that the same was between Plaintiff and "[t]he subsidiary or affiliate of CenturyLink, Inc."

18.     Attached to the Separation Agreement In Full Of All Claims was an exhibit called "Additional Disclosures As Required by the Older Worker Benefit Protection Act".

19.     The "Additional Disclosures As Required by the Older Worker Benefit Protection Act" stated that Defendants were required to provide the same because, in part, "the provision of separation pay and benefits to employees in impacted business units is governed by the CenturyLink Reduction-In-Force Policy and the CenturyLink Executive Severance Plan (the "Severance Plans")."

20.     The "Additional Disclosures As Required by the Older Worker Benefit Protection Act" included that "The Impacted Group" were Plaintiff and other employees who were "part of the following group:

> All sales professionals supporting the Commonwealth of PA account reporting into Richard Fritz; All Sales Professionals Reporting to and supporting Sales Activities in the Philadelphia PA Market in Michael Zody's org; All sales professionals reporting to and supporting accounts in Pittsburgh PA in John Truxwell's org.

21.     At around the time of Plaintiff's termination, he received a document titled, "CenturyLink Reduction in Force (RIF) FREQUENTLY ASKED QUESTIONS".

22.     After Defendants terminated Plaintiff's employment, he received

4

information regarding his medical benefits (COBRA) from CenturyLink, specifically, CenturyLink Health and Life at www.centurylinkhealthandlife.com.

23.     According to the Annual Report for the fiscal year ending December 31, 2020 for Defendant Lumen Technologies, Inc., Defendant CenturyLink, Inc. changed its legal name to (Defendant) Lumen Technologies, Inc. in January 2021.

24.     According to the Annual Report for the fiscal year ending December 31, 2020 for Defendant Lumen Technologies, Inc., references in the report to Lumen Technologies, Inc. refer to "Level 3 Parent, LLC and its predecessor, Level 3 Communications, Inc., which [Lumen Technologies, Inc.] acquired on November 1, 2017.

25.     The website http://www.centurylink.com /aboutus.html states that "CenturyLink is a telecommunications company" and that it is "part of Lumen Technologies."

26.     The website https://www.lumen.com/en-us/about.html states that "Lumen brings together the talent, experience, infrastructure and capabilities of CenturyLink, Level 3 and 25+ other companies to create a new kind of company…"

27.     The Form 10-K for Defendant Level 3 Parent, LLC f/k/a Level 3 Communications, Inc. states that references in the report to "Level 3" refers to Level 3 Parent, LLC and its predecessor Level 3 Communications, Inc. "and their respective consolidated subsidiaries."

28.     Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

29.     At all times material hereto, Defendants employed more than twenty (20)

employees.

30.     At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

31.     At all times material hereto, Defendants acted as employers within the meaning of the statutes which form the basis of this matter.

## III.     **JURISDICTION AND VENUE**

32.     The causes of action which form the basis of this matter arise under the ADEA and the PHRA.

33.     The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

34.     The District Court has jurisdiction over all counts pursuant to 28 U.S.C. §1332 since the amount in controversy in the present action exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interests and costs, and there exists complete diversity of citizenship, as Plaintiff is a citizen of the Commonwealth of Pennsylvania and Defendants are not citizens of the Commonwealth of Pennsylvania.

35.     The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

36.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

37.     On or about October 1, 2019, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination alleged here.  This Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC").  Attached hereto, incorporated herein and marked

as Exhibit "1" is a true and correct copy of the PHRC Complaint of Discrimination (with personal identifying information redacted).

38.     On or about February 25, 2021, the EEOC issued to Plaintiff a Dismissal and Notice of Rights for his EEOC Charge.  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

39.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

40.     Plaintiff started working at Defendants Level 3 Parent, LLC f/k/a Level 3 Communications, Inc. and Level 3 Communications, LLC in or around April 2002.

41.     Defendant CenturyLink, Inc. acquired Defendants Level 3 Parent, LLC f/k/a Level 3 Communications, Inc. and Level 3 Communications LLC in or around late 2017.  At that time, Plaintiff became an employee of Defendant CenturyLink, Inc.

42.     As of the time of Plaintiff's termination, in September 2019, he had over seventeen (17) years of service with Defendants.

43.     As of the time of Plaintiff's termination in September 2019, he held the position of Senior Account Director.

44.     Since in or about November 2018, Plaintiff reported directly to John Julia, Sales Director, Philadelphia Region.  Julia reported to Kevin Emery, Senior Sales Director, who reported to Michael Zody, Vice President and General Manager.

45.     At all times material hereto, Plaintiff performed his job duties in a highly competent manner.

46.     In his capacity as Senior Account Director, Plaintiff developed and managed some of the largest and most lucrative accounts in Defendants' Philadelphia region.

47.     The primary accounts on which Plaintiff worked were headquartered in Pennsylvania.

48.     The scope of business managed by Julia and by Emery was predominantly based in Eastern Pennsylvania, including the Greater Philadelphia region.

49.     As of the time of Plaintiff's termination, Zody was responsible for overseeing Pennsylvania business/accounts.

50.     In or around Spring 2019, Julia took both prospects and active accounts that Plaintiff had been working on for years, in some cases, to develop and that had the potential to be highly lucrative, and reassigned them to a substantially younger Account Director whom he had just recently hired.

51.     On or about September 6, 2019, Defendants informed Plaintiff that his employment was terminated, effective September 13, 2019.

52.     Defendants told Plaintiff only that the reason for his termination was that it was a business decision.

53.     Defendants failed to provide a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

54.     As included herein, Defendants' conduct and demographics evidence a bias against older employees.

55.     To Plaintiff's knowledge and belief, he was the oldest employee reporting to Julia.

56.     To Plaintiff's knowledge and belief, he was the only employee reporting to Julia who was terminated at that time.

57.     To Plaintiff's knowledge and belief, he was the oldest employee in the Philadelphia Region in Zody's organization.

58.     To Plaintiff's knowledge and belief, Defendants assigned his job responsibilities to younger, less qualified employees.

59.     Defendants did not offer Plaintiff any other positions within the company or any opportunities that would allow him to remain employed in some capacity.

60.     As part of the separation packet that Defendants provided to Plaintiff upon his termination, they included "Additional Disclosures" pursuant to the Older Workers' Benefit Protection Act regarding information as to the employees who were retained and the employees who were terminated in the "Decisional Unit".

61.     The Additional Disclosures evidenced Defendants' age bias, including the following:

        (a)     Defendants terminated six (6) employees in the Decisional Unit, five (5) of whom were over fifty (50) years old;

        (b)     Defendants retained fourteen (14) of the fifteen (15) employees in the Decisional Unit who were under the age of fifty (50);

        (c)     All of the employees whom Defendants retained in the Decisional Unit were younger than Plaintiff;

        (d)      Defendants retained ninety-three percent (93%) of employees in the Decisional Unit under the age of fifty (50);

        (e)     Defendants retained sixty-eight percent (68%) of employees in the

Decisional Unit age fifty (50) and above; and,

(f)      The retention rate of employees age fifty (50) and older is less than eighty percent (80%) of the retention rate of employees under age fifty (50).

62.      Plaintiff's age was a motivating and determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including terminating Plaintiff's employment.

63.      As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## <u>COUNT I - ADEA</u>

64.      Plaintiff incorporates herein by reference paragraphs 1 through 63 above, as if set forth herein in their entirety.

65.      By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADEA.

66.      Said violations were willful and warrant the imposition of liquidated damages.

67.      As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

68.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

69.     No previous application has been made for the relief requested herein.

## COUNT II - PHRA

70.     Plaintiff incorporates herein by reference paragraphs 1 through 69 above, as if set forth herein in their entirety.

71.     Defendants, by the above improper and discriminatory acts, have violated the PHRA.

72.     Said violations were intentional and willful.

73.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

74.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory acts unless and until the Court grants the relief requested herein.

75.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of the ADEA;

(b)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)     enjoining and permanently restraining the violations alleged herein;

(d)     entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(e)     awarding liquidated damages to Plaintiff under the ADEA;

(f)     awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(g)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(h)     awarding Plaintiff such other damages as are appropriate under the ADEA and the PHRA;

(i)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

(j)      granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW**

Dated:    07/23/2021        BY:    _Caren Gurmankin_
                                          Caren N. Gurmankin, Esq.
                                          1525 Locust St., 9th Floor
                                          Philadelphia, PA 19102
                                          (215) 545-7676

                                          Attorney for Plaintiff,
                                          James McNicholas

Exhibit "1"

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

Received
OCT 1 2019
PA Human Relations Commission
Philadelphia Regional Office

| | | |
|---|---|---|
| James McNicholas, | : | |
| Complainant | : | |
| | : | |
| v. | : | PHRC Case No. 201902653 |
| | : | |
| CenturyLink, Inc., | : | EEOC No. 17F202060577 |
| Respondent | : | |
| | : | |

## COMPLAINT

### JURISDICTION

1.   Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963.

### PARTIES

2.   The Complainant herein is:

    James McNicholas
    redacted
    Ambler, PA  19002

3.   The Respondent herein is:

    CenturyLink, Inc.
    1000 Madison Avenue
    Norristown, PA 19403

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

<u>**COMPLAINT**</u>

Received

OCT - 1 2019

PA Human Relations Commission
Philadelphia Regional Office

COMPLAINANT:

**JAMES MCNICHOLAS**                                    Docket No. . 201902653

v.

RESPONDENT:

**CENTURYLINK, INC.**

1. The Complainant herein is:

   Name:          James McNicholas

   Address:       redacted
                  Ambler, PA 19002

2. The Respondent herein is:

   Name:          CenturyLink, Inc.

   Address:       1000 Madison Avenue
                  Norristown, PA 19403

3. I, James McNicholas, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my age (61) as set forth below:

<u>Discrimination</u>

   A. I specifically allege:

   [1]       I was hired by Respondent in or about April 2002.

   [2]       I had more than seventeen (17) years of service at Respondent.

[3]      My birth date is May 18, 1958, and I am age sixty-one (61).

[4]      I consistently performed my job duties in a highly competent manner, and
received positive feedback.

[5]      I last held the position of Senior Account Director.

[6]      I last reported to John Julia (55[1]), Sales Director, Philadelphia Region.
Julia reported to Kevin Emery (42), Senior Sales Director.  Emery reported to Michael Zody
(55), Vice President and General Manager.

[7]      In or about November 2018, I began reporting to Julia.

[8]      I was the oldest employee directly reporting to Julia

[9]      I was the oldest employee in the Philadelphia market sales team reporting
to Emery and Zody.

[10]     At the time of my termination, the following employees were directly
reporting to Julia: Tamara Duke (48), Account Director I; Eric Bennett (49), Account Director I;
John Baj (55), Account Director I; David Bisacky (55), Account Director I; and John Kelly (55),
Account Director II.  I was more qualified to perform all of these employees' positions.

[11]     On September 6, 2019, in a meeting with Julia, Respondent terminated my
employment, effective September 13, 2019.  Before the termination meeting, I had no indication
that my job was in jeopardy.  The stated reason was that my termination was a business decision.

[12]     Respondent's stated reason for terminating my employment is pretext.

[13]     Respondent terminated my employment because of my age.

[14]     Respondent offered no explanation, including the selection criteria, as to
why I was terminated and the younger employees were retained.

---

[1] All ages herein are approximations.

[15]     I had developed more business than Julia's other direct reports, all of whom were younger than me and all of whom were retained in positions I was more qualified to perform when I was terminated.

[16]     I was the only employee reporting to Julia that was terminated effective September 13, 2019.

[17]     Respondent assigned my job duties to Duke (48), Bennett (49), Baj (55), Bisacky (55), and/or Kelly (55).  I was more qualified to perform my job duties than the younger employees who were retained and assigned my job duties.

[18]     I had no disciplinary or performance issues throughout my employment.

[19]     Respondent did not offer me a downgraded position, a position with reduced pay, or any opportunity to remain employed with Respondent.

[20]     All thirty-four (34) employees that Respondent retained in the Decisional Unit, when I was terminated, were younger than I was.

[21]     Five (5) out of the six (6) employees that Respondent terminated in the Decisional Unit are age fifty (50) and above, and three (3) are age fifty-five (55) and above.

[22]     Respondent retained fourteen (14) out of the fifteen (15) employees in the Decisional Unit under age fifty (50).

[23]     Respondent retained ninety-three percent (93%) of employees in the Decisional Unit under fifty (50).

[24]     Respondent retained sixty-eight percent (68%) of employees in the Decisional Unit fifty (50) and above.

[25]     The retention rate of employees age fifty (50) and older is less than eighty percent (80%) of the retention rate of employees under age fifty (50).

[26]        Respondent's conduct evidences a bias against older employees.

[27]        Respondent has failed to set forth any legitimate criteria to explain the disparate impact caused by this reduction in force.

[28]        **I bring this Complaint as a class and pattern and practice Complaint on behalf of myself and any and all current or former employees of Respondent who are age forty (40) and over, and who have been discriminated against based on age in connection with hiring, promotion, transfer, and termination decisions.**

**B.** Based on the aforementioned, I allege that Respondent has discriminated against me because of my age (61), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

    **X**        **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):  (a)**

    ____        Section 5.1 Subsection(s) _____

    ____        Section 5.2 Subsection(s) _____

    ____        Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.    Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.


_____9/30/19_____                    _____James McNicholas_____
(Date Signed)                            (Signature)   James McNicholas
                                                       redacted
                                                       Ambler, PA 19002

# Exhibit "2"

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | **James McNicholas** | From: | **Philadelphia District Office** |
|---|---|---|---|
| | redacted | | **801 Market Street** |
| | **Ambler, PA 19002** | | **Suite 1000** |
| | | | **Philadelphia, PA 19107** |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Kurt Jung** | |
| **17F-2020-60577** | **State, Local & Tribal Program Manager** | **(267) 589-9749** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**02/25/2021**

Enclosures(s)

**Jamie R. Williamson**
**District Director**

*(Date Issued)*

cc: **CENTURYLINK, INC.**

**Caren Gurmankin, Esq.**
**Console Mattiacci Law**
**1525 Locust Street, 9th Floor**
**Philadelphia, PA 19102**
gurmankin@consolelaw.com
buccieri@consolelaw.com

**Director of Human Resources**
**CenturyLink, Inc.**
**1000 Madison Avenue**
**Norristown, PA 19403**