IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES MCNICHOLAS,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 21-2344** |
| | : | |
| **CENTURY LINK, INC.**, *et al*. | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM

**TUCKER, J.**                                                                                                              November 15, 2021

Before the Court is Defendants Level 3 Parent, LLC, and Lumen Technologies' Motions to Dismiss Plaintiff's Complaint and Briefs in Support (ECF Nos. 13, 14, 15, and 16), Defendants Level 3 Parent, LLC, and Lumen Technologies' Motions to Dismiss Plaintiff's Amended Complaint (ECF Nos. 22 and 23), Defendant Level 3 Communications, Inc.'s Second Motion to Dismiss Plaintiff's Complaint (ECF No. 28), and Plaintiff's Response in Opposition (ECF Nos. 26, 27, and 29).

Upon careful consideration of the Parties' submissions, and for the reasons outlined below, **IT IS HEREBY ORDERED** that: (1) Defendants' Motions to Dismiss Plaintiff's Complaint (ECF Nos. 13, 14, and 28) are hereby **DENIED AS MOOT**; and (2) Defendants Level 3 Parent, LLC, and Lumen Technologies' Motions to Dismiss Plaintiff's Amended Complaint (ECF Nos. 22 and 23) are **DENIED WITHOUT PREJUDICE**, pending the outcome of the limited jurisdictional discovery.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**[1]

Plaintiff, James McNicholas, is an individual and a citizen of Pennsylvania, residing in the city of Ambler. ECF No. 21, ¶ 1. His Amended Complaint alleges Defendants Level 3 Parent LLC ("Parent LLC") and Level 3 Communications, LLC hired him in April of 2002. ECF No. 21, ¶ 40. Plaintiff worked out of their Norristown, Pennsylvania location. *Id*. ¶ 4.

Defendant CenturyLink, a Louisiana Corporation, engaged in communication and technology industries. ECF No. 22-1, p. 5. CenturyLink was a holding company that authorized its multiple subsidiaries to legally use the CenturyLink trade name and logo. *Id*.

Level 3 Communications, Inc. was initially a corporation formed and filed in Delaware in 1941. ECF No. 23-1, at p. 4. However, through a series of mergers and name changes in 2017, Level 3 Communications, Inc. became Parent LLC, causing Level 3 Communications, Inc. to cease to exist. *Id*.

In late 2017, Defendant CenturyLink acquired Defendants Parent LLC f/k/a Level 3 Communications, Inc. and Level 3 Communications LLC. ECF No. 21, ¶ 41. Upon its acquisition, Plaintiff's email address became jim.mcnicholas@centurylink.com. *Id*. ¶ 12. He also received pamphlets and packets of information regarding his "CenturyLink Health and Life Benefits" from the "CenturyLink Benefit Center." *Id*. ¶ 13.

In September of 2019, after seventeen years with the company, Plaintiff was terminated. ECF No. 21, ¶ 42. Plaintiff alleges that upon his termination, Defendants assigned his job responsibilities to younger, less qualified employees. *Id*. ¶ 58. Defendants did not offer Plaintiff

---

[1] This section draws from the Amended Complaint (ECF No. 21), Defendants' Briefs in Support of their Motions to Dismiss the Amended Complaint (ECF Nos. 22 and 23), associated exhibits, and Plaintiff's Responses in Opposition ("ECF Nos. 26 and 27").

other positions in the company or any opportunities that would allow him to remain employed. *Id*. ¶ 59.

Defendants provided Plaintiff with a separation packet that included "Additional Disclosures," pursuant to the Older Workers' Benefit Protection Act. ECF No. 22-1, ¶ 60. McNicholas alleges that the Additional Disclosures evidence that Defendants held an age bias because: (1) Defendants terminated six employees in the Decisional Unit, five of whom were over the age of fifty; (2) fourteen of the fifteen employees retained in the Decisional Unit were under the age of fifty; (3) the retained employees were all younger than Plaintiff; and (4) other data that showed the age and statistical breakdowns between those retained and those let go. *Id*. ¶ 61.

On January 22, 2021, CenturyLink filed Articles of Amendment and amended the corporation's name to Lumen Technologies, Inc. ("Lumen"); CenturyLink ceased to exist. ECF No. 22-1, p. 5. For branding purposes, subsidiaries which formerly utilized the CenturyLink trade name and logo could use the Lumen trade name and logo. *Id*.

On May 21, 2021, McNicholas filed this lawsuit alleging age discrimination in violation of the: (1) Age Discrimination in Employment Act of 1967, 29 U.S.C.A § 621, ("ADEA"); and (2) Pennsylvania Human Relations Act, 42 P.S. § 951, ("PHRA"). Following multiple Motions to Dismiss by Defendants, Plaintiff filed an Amended Complaint on June 23, 2021.

Defendants Lumen and Parent, LLC renewed their motions to dismiss based on lack of personal jurisdiction. ECF Nos. 22 and 23. They argue that Plaintiff was solely an employee of Level 3 Communications, LLC. ECF No. 23, p. 6. Parent LLC also argues that Plaintiff failed to state a claim. *Id*. at 11. Specifically, Parent LLC alleges that McNicholas: (1) failed to exhaust

his administrative remedies before filing his complaint; and (2) is an at-will employee. *Id*. at 11 and 14.

Defendant Level 3 Communications, LLC filed an Answer to the Amended Complaint but filed a Motion to Dismiss the Original Complaint. ECF Nos. 25 and 28. Plaintiff opposes all the motions.

## II. LEGAL STANDARD

### A. Personal Jurisdiction

A federal court is authorized to dismiss a complaint, partially or in its entirety, for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When a court reviews such a motion, it must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). If defendant contradicts plaintiff's allegations, the burden shifts to the plaintiff to present particular evidence in support of personal jurisdiction. *Isaacs v. Ariz. Bd. of Regents*, 608 F. App 'x 70, 74 (3d Cir. 2015) (citing *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

A federal court will look at a forum state's long-arm statute and determine if the exercise of jurisdiction violates the Fourteenth Amendment's Due Process Clause. *Isaacs*, 608 F. App 'x at 74. "Because Pennsylvania has chosen to exercise jurisdiction to the fullest extent possible, the federal due process principle of 'minimum contacts' with the forum state and the requirement that the exercise of jurisdiction comport with 'traditional notions of fair play and substantial justice' control." *Id*. (citing 42 Pa. Cons. Stat. Ann. § 5322(b); *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (internal citations omitted)). "[M]inimum contacts are established when

there is 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus involving the benefits and protections of its laws.'" *Id*. (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

### B. Failure to State a Claim

A Rule 12(b)(6) Motion to Dismiss seeks to test the sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The touchstone of that pleading standard is plausibility. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted). Facial plausibility requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* A plaintiff will not prevail if he provides only "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Instead, the plaintiff must detail "enough facts to raise a reasonable expectation that discovery will reveal evidence of 'each necessary element of the claims alleged in the complaint.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556 (2007)).

The Third Circuit sets forth a three-part test that district courts must apply when evaluating whether allegations survive a 12(b)(6) motion to dismiss. *Santiago v. Warminster Township*, 629 F.3d 121 (3d Cir. 2010). A court must: (1) identify the elements of the claim; (2) review the complaint to strike conclusory allegations; and (3) look at the well-pleaded components of the complaint and evaluate "whether all the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). If the complaint fails to do so, the motion to dismiss will be granted.

**III. ANALYSIS**

This Court will address Defendants' personal jurisdiction argument first, before proceeding to Parent LLC's failure to state a claim argument.

   **A.  Lumen's Personal Jurisdiction**

Lumen argues that Plaintiff improperly named CenturyLink as a Defendant. ECF No. 22-1, p. 5. First, CenturyLink no longer exists because of the January 22, 2021 Amendments. *Id*. Second, Lumen is a "foreign" corporation, incorporated in Louisiana and maintains its principal place of business in Monroe, Louisiana, which Plaintiff's Amended Complaint admitted. ECF No. 22-1, p. 6 (citing ECF No. 21, ¶¶ 5-6). Finally, and more importantly, Lumen asserts that Plaintiff's reliance upon his Employer's use of CenturyLink's trade name and logo to establish jurisdiction over the parent holding company is misplaced under federal law. *Id*. at p. 13.

Plaintiff argues that this Court has both general and specific jurisdiction over Defendant Lumen. First, McNicholas argues that Lumen has maintained systematic and continuous contacts with Pennsylvania as evidenced by Plaintiff's work email address becoming jim.mcnicholas@centurylink.com after CenturyLink acquired Defendants Parent, LLC, Level 3 Communications, Inc., and Level 3 Inc. ECF No. 27, p. 12. Moreover, Plaintiff argues that during his employment he received information regarding his "CenturyLink Health and Life Benefits" from the "CenturyLink Benefit Center." *Id*. Finally, when he was terminated, McNicholas received a Pay & Benefits Summary that was part of and/or referenced the "CenturyLink Reduction in Force (RIF) Policy." *Id*. In the alternative, Plaintiff requests that the Court grant limited discovery as to Lumen's personal jurisdiction. *Id*. at 16.

The Supreme Court has categorized due process principles into two categories: specific and general jurisdiction. *See Goodyear Dunlop Tires Op. S.A. v. Brown*, 564 U.S. 915, 918-19

(2011). The plaintiff must establish "either that the cause of action arose from the defendant's forum-related activities (specific jurisdiction) or that the defendant has 'continuous and systematic' contacts with the forum state (general jurisdiction)." *Mellon Bank (E.) PSFS, N.A. v. DiVeronica Bros., Inc.*, 983 F.2d 551, 554 (3d Cir. 1993) (citations omitted).

General personal jurisdiction arises from a defendant's contacts with the forum, unrelated to the cause of action being litigated, and requires a showing that the defendant has had continuous and systematic contacts with the forum state. *Addington v. Senior Vice President - Human Res., Consol Energy Inc.*, Civil Action No. 14-444, 2017 WL 6398487 (W.D. Pa. Nov. 28, 2017) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 412-13, 414 (1984)).

Specific jurisdiction applies "when the plaintiff's claim is related to or arises out of the defendant's contacts with the forum." *Mellon Bank (E.) PSFS, N.A.*, 960 F.2d at 1221. "The exercise of specific jurisdiction is permissible where: (1) the defendant purposely directed his activities at the forum state; (2) the plaintiff's claim arises out of and relates to at least one of those specific activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice." *Isaacs*, 608 F. App 'x at 74.

This Court agrees with Lumen. Lumen is incorporated and maintains a principal place of business in Louisiana. Furthermore, Plaintiff has not shown that Defendant's operations in Pennsylvania are so substantial and important as to render them at home in Pennsylvania. Because Jurisdiction Defendants are not incorporated in Pennsylvania and do not have their principal place of business in Pennsylvania, they are not at home in Pennsylvania. Accordingly, this Court lacks general jurisdiction.

Specific jurisdiction does not apply as well. Lumen is solely a holding company that does not and has not directed any activities in the state of Pennsylvania that relate to or give rise to any of Plaintiff's claims. Lumen claims, and Plaintiff has failed to rebut, that it does not currently, and during the relevant period did not: employ any personnel in Pennsylvania; direct or control the selection of personnel at Level 3 LLC; have officers or directors in Pennsylvania; or pay any expenses or salaries for anyone employed in Pennsylvania or at Level 3 LLC. Additionally, Plaintiff's own Amended Complaint pleads that Level 3 Communications, LLC was the entity that paid salaries. ECF No. 21, ¶ 10. Thus, this Court lacks specific jurisdiction over Defendant Lumen.

Moreover, this Court also does not find that the use of the CenturyLink name and logo is enough to impute jurisdiction on Lumen, nor does it find that it was Plaintiff's employer. The Third Circuit has held that subsidiaries that use a parent company's corporate policies and pension plans are insufficient to prevent the dismissal of claims against the parent company. *Marzano v. Computer Science Corp. Inc.*, 91 F.3d 497, 514 (3d Cir. 1996). Defendant asserts that Lumen and Plaintiff's employer are separately maintained with no comingling; Lumen does not pay any of the employer's salaries or expenses; and Lumen does not control hiring, promotion, demotion, or firing.

Plaintiff has not rebutted these arguments, however, that would be hard to do without some discovery. In the interest of fairness, this Court will allow limited jurisdictional discovery to determine whether Lumen was more involved in the above allegations, or only its name and logo were used. Thus, Defendant's motion is denied at this time pending the outcome of the discovery.

### B. Parent LLC's Personal Jurisdiction

The Parties make the same arguments that they made above. This Court comes to the same conclusion. Based on the Amended Complaint, Plaintiff was employed by Level 3 Communications, LLC., an independent entity from Parent, LLC, "that paid Plaintiff as of the time of his termination[.]" ECF No. 21, ¶ 10. Parent, LLC is Delaware Limited Liability Company with insufficient contacts in Pennsylvania. Its principal place of business is maintained in Broomfield, Colorado. *Id*. ¶ 7.  Parent, LLC did not employ individuals in Pennsylvania or engage in any activity to establish that the business was "at home" in the forum state. Thus, as far as this Court can discern at this time, it lacks general jurisdiction over Defendant Parent LLC.

Moreover, based on Parent, LLC's assertions, this Court lacks specific jurisdiction as well. Parent LLC did not direct or inform Level 3 Communications, LLC to terminate Plaintiff. Specifically, Parent LLC alleges that it does not: (1) employ any personnel in Pennsylvania; (2) direct or control the selection of personnel at Level 3 Communications, LLC; (3) does not have any officers or directors in common with Level 3 Communications, LLC; and (4) pay any expenses or salaries for anyone employed in Pennsylvania or at Level 3 Communications, LLC. ECF No. 23-1, p. 11. As stated above, Plaintiff has not rebutted these arguments, however, that would be hard to do without some discovery. This Court will allow limited jurisdictional discover to determine this issue.

Furthermore, because this Court may lack personal jurisdiction and has allowed limited discovery on the issue, this Court will not address Parent LLC's 12(b)(6) argument at this time. *See In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation*, 735 F. Supp. 2d 277, 306-307 (W.D. Pa. 2010) (citing *Flood v. Braaten*, 727 F.2d 303, 306 n.12 (3d. Cir. 1984)) (explaining that if a court lacks personal jurisdiction over a party, it lacks power to

adjudicate the dispute). Instead, Defendants may refile their motions at the conclusion of the limited jurisdictional discovery.

## IV. CONCLUSION

For the foregoing reasons: (1) Defendants' Motions to Dismiss Plaintiff's Complaint (ECF Nos. 13, 14, and 28) are hereby **DENIED AS MOOT**; and (2) Defendants Level 3 Parent, LLC, and Lumen Technologies' Motions to Dismiss Plaintiff's Amended Complaint (ECF Nos. 22 and 23) are **DENIED WITHOUT PREJUDICE**, pending the outcome of the limited jurisdictional discovery. An appropriate Order follows.