IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MCNICHOLAS | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 21-2344 |
| CENTURY LINK, INC., *et. al.* | : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                         **August 3,   2023**

Defendant Level 3 Communications LLC has moved to strike Plaintiff, James McNicholas's Demand for Jury Trial.  Because Level 3 has not shown that McNicholas knowingly and voluntarily waived his right to have his case tried to a jury, the motion shall be denied.

## FACTUAL BACKGROUND

This case arises out of the termination of McNicholas's employment with Level 3 Communications, LLC after nearly eighteen years of employment with Level 3 and/or its predecessors.  Am. Compl. ¶¶ 40, 42, ECF No. 21.  At the time of his termination, McNicholas was 61 years of age and held the position of Senior Account Director.  *Id.* ¶¶ 2, 43.  He was the oldest employee reporting to the newly appointed Philadelphia Regional Sales Director and the only employee under the Director's supervision who was let go.  *Id.* ¶¶ 44-49, 55-57.  No other positions were offered to McNicholas which would have allowed him to remain employed, and he alleges all his job responsibilities were assigned to younger, less qualified employees.  *Id.* ¶¶ 58-59.  McNicholas received no explanation for his termination, other than "it was a business decision."  *Id.* ¶¶ 51-53.

After exhausting his administrative remedies with the EEOC and the PHRC, McNicholas filed this lawsuit on May 21, 2021 alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.* (ADEA), and the Pennsylvania Human Relations Act (PHRA),  43 P.S. § 951 *et. seq.*[1]  In response, Level 3 denied it terminated McNicholas because of his age. Rather, it claimed he was terminated as part of a Reduction in Force (RIF).  Answer ¶¶ 51-53, 58, ECF No. 25.  McNicholas demanded a jury trial at the time he filed his complaint.  Level 3 now argues for the first time that McNicholas waived his right to a jury trial as part of sales compensation agreements he signed in 2018 and 2019 which governed the terms under which he would be paid commissions for those years.  McNicholas asserts the jury trial waiver is invalid because it was not knowing or voluntary.

**DISCUSSION**

Litigants in civil cases have a fundamental constitutional right to a jury trial that is protected by the Seventh Amendment.  *Bouriez v. Carnegie Mellon Univ.*, 359 F.3d 292, 294 (3d Cir. 2004); Fed. R. Civ. P. 38(a); *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 333 (1979) ("The thrust of the Seventh Amendment was to preserve the right to jury trial as it existed in 1791.")  When a demand for jury trial is made, the trial must be by jury unless the parties stipulate to a non-jury trial or "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."  Fed. R. Civ. P. 39(a).  Notwithstanding the Seventh Amendment guarantee, like all constitutional rights, the right to a jury trial can be waived by the parties.  *In re City of Phila.*, 158 F.3d 723, 726 (3d Cir. 1998) (citing *United States v. Moore*, 340

---

[1]   McNicholas filed an Amended Complaint on July 23, 2021 and Level 3 filed its Answer on August 6, 2021.

U.S. 616, 621 (1951)).  The waiver, however, must be knowing and voluntary.  *Angino v. Branch Banking & Trust Co.*, 855 F. App'x 96, 99 (3d Cir. 2021).

Generally, parties have a great deal of latitude on the timing of motions to strike a jury demand and courts have the discretion to permit a motion to strike a jury demand at any time, even on the eve of trial.  *Tracinda Corp. v. DaimlerChrysler AG*, 502 F. 3d 212, 226-227 (3d Cir. 2007). Despite raising the jury trial waiver at the eleventh hour, Level 3's motion to strike is not untimely and the Court may now consider it.

A contractual waiver is knowing and voluntary when the facts show "(1) there was no gross disparity in bargaining power between the parties; (2) the parties are sophisticated business entities; (3) the parties had an opportunity to negotiate the contract terms; and (4) the waiver provision was conspicuous." *W. Run Student Hous. Assocs. LLC v. Huntington Nat'l Bank*, Civ. No. 12-76, 2013 U.S. Dist. LEXIS 110407 at \*8 (W.D. Pa. Aug. 5, 2013) (citing *First Union Nat'l Bank v. United States of America*, 164 F. Supp. 2d 660, 663 (E.D. Pa. 2001).  The burden of proving a knowing and voluntary waiver falls on the party seeking enforcement of the contractual clause. *Id*.  And "because the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver." *Tracinda*, 502 F.3d at 222 (internal citations omitted); *Kore Capital Corp. v. Stonemor Operating LLC*, 608 F. Supp. 3d 208, 213 (E.D. Pa. 2022).

In applying the four factors outlined above, the Court finds that while the waiver provision was conspicuous, none of the other three elements have been established.  At his deposition, McNicholas acknowledged electronically signing the 2018 and 2019 Sales Compensation Agreements,[2] the first pages of which clearly state in all-capital, bold lettering:

---

[2]    The 2018 and 2019 agreements are similar and in fact contain identical language with respect to the issues presented in this motion.  Def.'s Mot. Strike Jury Demand, Exs. "A" and "B," ECF No. 68.

**(ii.)   I UNDERSTAND THAT, TO THE MAXIMUM EXTENT PERMITTED BY LAW, I AM GIVING UP THE RIGHT TO A TRIAL BY JURY, WHETHER BY TRIAL TO THE JUDGE OR BY ARBITRATION AND I AM BOUND TO THAT AGREEMENT**

McNicholas Dep. 135, Def.'s App'x Supp. Mot. Summ. J., Ex. 9, ECF No. 66-2.  McNicholas also testified that for the last few years of his employment with Level 3, he had to review and sign something before he would be paid any commissions.  *Id.* at 133.  Although McNicholas stated he reviewed the agreements briefly, he "did not go in-depth," as it was "a general comp plan and what was reinforced to us was you will not receive any of your commissions if you do not sign this agreement."  *Id.* at   This evidence reflects McNicholas had no bargaining power and no opportunity to negotiate the terms and conditions of the sales agreements.  Level 3 not produced or directed the Court's attention to any evidence to the contrary.  Rather, the record shows that to keep his job, which was predicated on meeting or exceeding his sales quota requirements, and to get his compensation,[3] McNicholas was required to electronically sign the sales agreements.  *Id.* at 126-127, 135.  The Court therefore finds there *was* a gross disparity in the parties' bargaining powers with respect to these agreements, and the first and third elements of the knowing and voluntary test have not been satisfied.

In support of its motion to strike Level 3 argues "McNicholas was an experienced and educated Senior Account Director with a college degree who was more than capable of reading and understanding the provisions of the Sales Compensation Agreements."  Def.'s Brief in Support Mot. Strike Jury Demand 7, ECF No. 68-3.  While this may be true, that is not the threshold necessary to support a finding that a waiver was knowing and voluntary.  There must be parity between sophisticated business entities.  While the record evinces that McNicholas had been

---

[2]   In 2019, McNicholas expected to earn $80,000 in commission.  *Id.* at 136.

employed with Level 3 or its predecessor entities since 2002 and had experience as a senior account representative, he does not possess a law or other similar graduate degree; his highest level of education was a bachelor's degree from Florida International University in hospitality management, earned in 1980.  *Id.* 52-53.  Notwithstanding that McNicholas may be a somewhat sophisticated individual, the Court cannot find based only on his education level that he is a "sophisticated business entity."  In short, Level 3 has not made the showing necessary to prove McNicholas knowingly and voluntarily waived his jury trial rights or to overcome the reasonable presumption against waiver.  Its motion to strike the jury demand is therefore denied.

An appropriate Order follows.

BY THE COURT:


/s/  Juan R. Sánchez
_____
Juan R. Sánchez,     C.J.

5